**In re Richard A. PIERCE, Debtor.**

**Richard A. PIERCE, Plaintiff,**

**v.**

**The STATE OF TEXAS and the Texas State Employment Commission, Defendants.**

**Bankruptcy No. 588–50514–7. Adv. No. 590–5010.**

United States Bankruptcy Court, N.D. Texas, Lubbock Division.

June 22, 1990.

ruptcy Code.[1]  The court determines that the taxes are discharged.

## FACTS

The Debtor operated a business known as Regal Building Systems.  He filed for relief under Chapter 7 of the Bankruptcy Code on September 13, 1988, and has received his discharge.  When he filed his bankruptcy petition, the Debtor owed employment taxes of $5,319.48 arising from wages earned by individuals from the Debtor more than 90 days before the filing of the bankruptcy petition and more than 90 days before the date of cessation of the Debtor's business.  The returns on these taxes were all due within three years before the Debtor filed bankruptcy.

## STATUTES

### *Section 523  Exceptions to Discharge*

Section 523(a) provides that a discharge under § 727 does not discharge an individual debtor from any debt:

(1) for a tax or a customs duty—

A. of the kind and for the period specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed....

### *507  Priorities*

Section 507 states the priorities for distribution in a bankruptcy case.  The pertinent portions of § 507(a)(7) read as follows:

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

  .    .    .    .    .

(D) an employment tax on a wage, salary or commission of the kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after

Hollis Webb, Jr., Baker, Clifford, Krier & Webb, Lubbock, Tex., for debtor.

John Mark Stern, Asst. Atty. Gen., Austin, Tex., for Commission.

## MEMORANDUM OF OPINION ON DISCHARGEABILITY OF EMPLOYMENT TAXES

JOHN C. AKARD, Bankruptcy Judge.

Richard A. Pierce (Debtor) seeks to discharge employment taxes owed to the State of Texas for the benefit of the Texas Employment Commission (Commission).  The decision involves the interplay of §§ 507(a)(3) and 507(a)(7)(D) of the Bank-

---

**1.**  The Bankruptcy Code is 11 U.S.C. § 101 *et seq.*  References to section numbers are references to sections in the Bankruptcy Code.

three years before the date of the filing of the petition....

Section 507(a)(3) reads as follows:

(3) Third, allowed unsecured claims for wages, salaries, or commissions, including vacation, severance, and sick leave pay—

(A) earned by an individual within 90 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only

(B) to the extent of $2,000 for each such individual.[2]

### Positions of the Parties

■ The Debtor asserted that the reference in § 507(a)(7)(D) to paragraph (3) means that the non-dischargeable taxes are only those with respect to wages earned within the appropriate 90 day period. The Commission asserted that the reference to paragraph (3) is simply descriptive of the type of wage, salary or commission and that non-dischargeability extends to all such taxes upon which a return was due within three years prior to the filing of the petition. In effect, the Commission's position is that the reference to paragraph (3) would serve only to add "including vacation, severance, and sick leave pay" to the definition of "wage, salary or commission" while the Debtor's position is that all of the limitations in paragraph (3) including (3)(A) and (B) are applicable.[3]

This appears to be a case of first impression because neither party has cited an applicable case nor has the court been able to find one.

### DISCUSSION

■ The reason for the reference to paragraph (3) in § 507(a)(7)(D) is not readily apparent, nor does the legislative history offer any help. The Debtor asserted that the purpose of that language is to limit the non-dischargeable employment taxes to those wages which are entitled to priority. If the court adopts such a reading, however, what is the need for the phrase "for which a return is last due ... after three years before the date of the filing of the petition?" The Debtor asserted that this language would apply where priority wages are due for a business terminated by the Debtor up to three years before the date the petition is filed.

Phrases similar to "for which a return is last due ... after three years before the date of the filing of the petition" appear in § 507(a)(7)(A)(i) with respect to income taxes and in § 507(a)(7)(E)(i) with respect to excise taxes. A one year limitation with respect to property taxes is contained in § 507(a)(7)(B) and there is no limit on taxes collected or withheld under § 507(a)(7)(C). There is a one year limit on customs duties in (F).

The statement by Representative Edwards and Senator DeConcini in the Congressional record concerning the Bankruptcy Reform Act of 1978 support the three year limitation:

The employer's share of the employment taxes on wages earned before the bankruptcy petition will receive sixth priority to the extent the return for those taxes was last due (including extensions of time) within 3 years before the filing of the petition, or was due after the petition was filed. Older tax claims of this nature will be payable as general claims. In the case of wages earned by employees before the petition, but actually paid by the trustee (as claims against the

---

**2.** Prior to the 1984 amendments § 507(a)(7) was numbered § 507(a)(6).

**3.** The Commission pointed to the administrative convenience of being able to file a claim from tax returns which have been filed (presumably with estimates where the returns have not been filed) as opposed to calculating the taxes only on priority wages which the Commission asserted would require a field audit of the Debtor's books in every case. Administrative conve-

nience, however, is not a canon of statutory construction and therefore was not considered by the court. The Commission also asserted that the Debtor's construction would result in discharging large amounts of state and federal unemployment taxes which could be subsequently collected if they were declared non-dischargeable. Tax policy is a matter for Congressional concern and is not a concern which this court should undertake in construing a statute.

estate) after the title 11 case commenced, the employer's share of the employment taxes on third priority wages will be payable as sixth priority claims and the employer's taxes on prepetition wages which are treated only as general claims will be payable only as general claims. In calculating the amounts payable as general wage claims, the trustee must pay the employer's share of employment taxes on such wages ... in the case of employment taxes relating to wages earned and paid after the petition both the employees' share and the employer's share will receive first priority as administrative expenses of the estate. 125 Cong. Rec. H 11112–13 (Daily Ed. September 28, 1978); S 17429–30 (Daily Ed. October 6, 1978); as reprinted in *Bankruptcy Code,* Norton Bankruptcy Law and Practice at 331, (1989–1990 Ed.)

*See also 3 Collier on Bankruptcy,* 507.04 (15th ed. (1989)).

The legislators' statements indicate an intent to include as non-dischargeable the employer's share of employment taxes on wages earned within the last three years, but the plain reading of the statute does not yield this result. Section 507(a)(7) contemplates that priority prepetition wages will be paid either prepetition or postpetition and that the employment taxes with respect to the priority wages will be paid under a seventh (formerly sixth) priority. The only exception is that if the business closed several years before the bankruptcy and the return was last due (including extensions) more than three years before the date of the filing of the petition, then those taxes lose their priority. The court holds that § 507(a)(7) does not grant a general priority for prepetition employment taxes and thus the Debtor's obligations to the Commission are discharged.

ORDER ACCORDINGLY.