been any loss to the government. As the debtor notes, section 4980 imposes an obligation upon, and the same rate applies to, the reversion amount even though the employer may not have realized any tax benefit at the time it made contributions to the pension plan or even if the funds in the plan did not generate earnings that would have been taxable. The debtor's conclusion that Congress never intended that section 4980 recoup the actual amount of pecuniary loss to the government seems accurate.

## CONCLUSION

For the reasons set forth above, this court holds that that part of Claim No. 692 filed in this case by the Internal Revenue Service as an unsecured priority claim in the amount of $285,443.35 plus $1,788.37 pre-petition interest is not entitled to priority under 11 U.S.C. §§ 507(a)(7)(E) or (G). The court, without ruling thereon, also acknowledges that the Unsecured Creditors' Committee has the right to file a motion on behalf of the debtor seeking subordination of the amount claimed to other unsecured claims.

## ORDER

CUMMINGS, District Judge.

This case is before the court for consideration of the appeal of The State of Texas and The Texas State Employment Commission from a decision of the bankruptcy court. The bankruptcy court held that certain debts to appellants were dischargeable. 115 B.R. 523.

Appellants contend that the conclusions of law by that court should be reversed. This court must review the bankruptcy court's conclusions of law *de novo*. *Sutton v. Bank One, Texas, N.A.*, 904 F.2d 327, 329 (5th Cir.1990). The court has considered the written arguments of counsel and the record in this case and is of the opinion that the decision of the bankruptcy court should be affirmed. There is no reversible error in the conclusions of law.

It is, accordingly, ordered that the decision of the bankruptcy court is AFFIRMED.

**In re Richard A. PIERCE, Debtor.**

**The STATE OF TEXAS and The Texas State Employment Commission, Appellants,**

v.

**Richard A. PIERCE, Appellee.**

**No. 588–50514–7.**
**Adv. No. 590–5010.**
**Civ. A. No. CA–5–90–150–C.**

United States District Court, N.D. Texas, Lubbock Division.

Oct. 9, 1990.

**In re Thomas W. COOPER, Debtor.**

**Bankruptcy No. 90–61789A.**

United States Bankruptcy Court, E.D. Texas, Tyler Division.

June 12, 1991.